IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

REGINALD A. BENION,                    ]
                                       ]
          Petitioner,                  ]
                                       ]
vs.                                    ]     CV-02-SLB-RRA-1162-NE
                                       ]
WARDEN GWENDOLYN MOSLEY and            ]
THE ATTORNEY GENERAL FOR               ]
THE STATE OF ALABAMA,                  ]
                                       ]
          Respondents.                 ]

## MEMORANDUM OPINION

This is a petition for a writ of habeas corpus brought by a person in custody under a judgment of a court of the State of Alabama. The petitioner, Reginald A. Benion, was convicted on December 17, 1997, in the Circuit Court of Jefferson, of unlawful distribution of a controlled substance, in violation of Ala. Code § 13A-12-211. He was sentenced on September 17, 1999, to thirty-two years' imprisonment.

On direct appeal, Benion argued that: 1) the trial court erred in allowing State's Exhibit Number 1, the crack cocaine, into evidence, as the proper chain of custody had not been established; 2) the trial court erred in allowing a police "mug" shot of Benion to be introduced into evidence; 3) the trial court erred in overruling Benion's motion for a judgment of acquittal at the end of the state's case, because a prima facie case had not been made as to distribution of a controlled substance; and 4) the trial court erred in charging the jury as to Benion's "flight."

The Alabama Court of Criminal Appeals affirmed Benion's conviction and sentence in a memorandum opinion released August 18, 2000.  The court found that Benion's first three claims were without merit.  It found that his last claim regarding the jury instruction on "flight," was procedurally precluded from appellate review because "[a]lthough [he] stated this argument as an issue listed in his brief on appeal, he failed to discuss it in the argument portion of his brief."  Benion's application for rehearing was denied by the Alabama Court of Criminal Appeals.  On December 7, 2000, after having initially granted Benion's petition for a writ of certiorari, the Alabama Supreme Court quashed the writ.

On July 6, 2001, Benion filed a Rule 32 petition in the Circuit Court of Jefferson County. In support of his petition, Benion claimed that:

> 1) the trial court lacked jurisdiction to render judgment and impose sentence because the indictment was void;
>
> 2) the trial court lacked jurisdiction to enhance his sentence because there was no proof that the crime occurred within three miles of a school or housing project;
>
> 3) the trial court lacked jurisdiction to render judgment or impose sentence because there was a material variance between the indictment and the court's oral charge to the jury;
>
> 4) the trial court impermissibly attacked his credibility in its instructions to the jury; and
>
> 5) he received ineffective assistance of counsel because his attorney:
>   a) failed to pursue a motion to have the cocaine tested;
>   b) failed to pursue a motion to have the indictment dismissed because it was duplicitous, failed to state a charge, "was not billed," was not signed by a grand jury foreman; was not plain and concise in that it alleged six ways to achieve a conviction for distribution, was a mere citation of the statute, and was amended without his consent;
>   c) failed to call an alibi witness who was available the day of trial;
>   d) was under treatment for alcohol abuse and had been "committed to a rehab"; and

2

> e) failed to object to the state's failure to prove at sentencing that the crime occurred within three miles of a school or housing project.

The trial court summarily denied the petition on August 1, 2001.

On appeal from the denial of his petition, Benion again raised all of the claims he had raised in the Rule 32 petition, except that he omitted his claim that his attorney was ineffective for failing to call an alibi witness to testify on his behalf, and added two claims that had not been included in the Rule 32 petition: 6) the trial court erred in denying his pretrial motion to have the cocaine independently tested; and 7) the trial court's instruction on flight was unconstitutional. The Alabama Court of Criminal Appeals affirmed the denial of his petition in a memorandum opinion released on January 25, 2002. Benion's application for rehearing was denied on March 1, 2002. On April 19, 2002, the Alabama Supreme Court denied his petition for a writ of certiorari.

Benion has now filed a petition for a writ of habeas corpus in this court. In support of the petition, he claims that:

> 1) the trial court erred in failing to grant his pretrial motion to have the controlled substance tested;
>
> 2) he received ineffective assistance of counsel at trial and on direct appeal because his attorney:
> > a) failed to argue on appeal that the trial court erred in failing to grant his pretrial motion to have the controlled substance tested;
> > b) failed to challenge the validity of his indictment at trial or on appeal, on the grounds that the indictment:
> > > 1) "was not a plain and concise statement, it alleged six alternatives without specif[y]ing which was intended";
> > > 2) was amended at least twice without his consent;
> > > 3) was not signed by the grand jury foreman; and
> > > 4) was "just a mere citation of the statute";
> >
> > c) failed to object at trial or argue on appeal that the State failed to prove that the drug sale occurred within three miles of a school or housing project;

>d) failed to object to at trial or raise on appeal, the material variance in the court's oral charge to the jury;
>e) failed to argue on appeal that the court improperly attacked Benion's credibility;
>f) failed to argue in his brief on appeal that the court improperly gave a jury instruction on "flight"; and
>g) failed to argue on appeal that his trial counsel was ineffective;[1]

3) the state failed to prove that the alleged sale occurred within three miles of a school or housing project;

4) the state failed to prove a proper chain of custody for the crack cocaine;

5) the trial court erred in allowing a police mug shot to be introduced into evidence;

6) the trial court erred in instructing the jury on "flight";

7) the trial court erred in amending the indictment without his consent; and

8) the trial court attacked his credibility in its jury instructions.[2]

In response to the court's order to show cause, the respondents have filed an answer in which they assert that the petition is due to be dismissed because Benion's claims are either procedurally defaulted or without merit. The parties were advised that the respondents' answer would be treated as a motion for summary dismissal pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases. In response, Benion has filed an unsworn traverse and an unsigned brief.

## PROCEDURAL DEFAULT

Benion is precluded from raising several of his claims in this court because they are barred by procedural default. His claims that the trial court erred in failing to grant his pretrial motion to

---

[1] Benion was represented by J. Massey Relfe, Jr. at trial and on appeal.

[2] Although claims seven and eight were not presented in the original petition filed by Benion, he included them in his brief, filed July 22, 2002, so they are being considered as claims.

have the controlled substance tested (Claim 1); the state failed to prove that the alleged sale occurred within three miles of a school or housing project (Claim 3); the trial court erred in instructing the jury on "flight" (Claim 6); and that the trial court attacked his credibility in its jury instructions (Claim 8) were raised in the state courts and found to be procedurally barred. The Eleventh Circuit Court of Appeals has addressed claims that have been presented to a state court and held to be barred as follows:

> The federal courts' authority to review state court criminal convictions pursuant to writs of habeas corpus is severely restricted when a petitioner has failed to follow applicable state procedural rules in raising a claim, that is, where the claim is procedurally defaulted. Federal review of a petitioner's claim is barred by the procedural default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, *Harris v. Reed*, 489 U.S. 255, 263 (1989), and that bar provides an adequate and independent state ground for denying relief. *See Id.* at 262; *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988). The doctrine serves to ensure petitioners will first seek relief in accordance with state procedures, see *Presnell v. Kemp*, 835 F.2d 1567, 1578-79 (11th Cir. 1988), *cert. denied*, 488 U.S. 1050 (1989), and to "lessen the injury to a State that results through reexamination of a state conviction on a ground that a State did not have the opportunity to address at a prior, appropriate time." *McCleskey v. Zant*, __ U.S. __, __, 111 S. Ct. 1454, 1470, 113 L. Ed. 2d 517 (1991).

*Johnson v. Singletary*, 938 F.2d 1166, 1173 (11th Cir. 1991). Thus, if a claim has been previously presented in some form to a state court, a federal habeas court may refuse to hear that claim only if the last state court rendering the judgment "clearly and expressly" stated that its judgment was based on procedural bar. *Harris v. Reed*, 489 U.S. 255, 263 (1989).

The Alabama Court of Criminal Appeals was the last state court to render judgment on these claims. In its opinion affirming the denial of his Rule 32 petition, the Alabama Court of Criminal

Appeals clearly and specifically held that the claims were procedurally barred.[3] The court concludes that it is clear from the record that the last state court to review the petitioner's claims "clearly and expressly" stated that its judgments rested on procedural bars, which were independent and adequate under state law. *See Whiddon v. Dugger*, 894 F.2d 1266 (11th Cir. 1990). Hence, the petitioner's claims 1, 3, 6 and 8 are procedurally barred from review in this court.

Benion's claims that he received ineffective assistance of counsel at trial and on direct appeal because his attorney failed to object to at trial or raise on appeal, the material variance in the court's oral charge to the jury (Claim 2(d)), his attorney failed to argue on appeal that the court improperly attacked Benion's credibility (Claim 2(e)), his attorney failed to argue in his brief on appeal that the court improperly gave a jury instruction on "flight" (Claim 2(f)), and his attorney failed to argue on appeal that his trial counsel was ineffective (Claim 2(g)), have never been presented to the state courts. When a habeas claim has never been presented to a state court and there no longer exists any remedial vehicle by which the state courts may consider the claim, the United States Supreme Court has held that it is procedurally defaulted. *Teague v. Lane*, 489 U.S. 288 (1989). Benion has procedurally defaulted claims 2(d), 2(e), 2(f), 2(g), and 7 by failing to raise them on direct appeal or in his Rule 32 petition.

If a petitioner has procedurally defaulted on a constitutional claim, he is barred from litigating that claim in a federal habeas corpus proceeding unless he can show adequate "cause" for and "actual prejudice" from the default. *Engle v. Isaac,* 456 U.S. 107 (1982); *Wainwright v.*

---

[3] The court found that Claims 1 and 6 were barred because although Benion raised the claims on appeal from the denial of the Rule 32 petition, he did not raise them in the Rule 32 petition itself. Respondents' Exhibit H, p. 3. The court found that Claims 3 and 8 were barred because they could have been, but were not, raised and addressed at trial and on direct appeal. Respondents' Exhibit H, pp. 6-7.

*Sykes,* 433 U.S. 71 (1977).  The "cause and prejudice" test of *Engle v. Isaac* and *Wainwright v. Syke*s is in the conjunctive.  Therefore, the petitioner must prove both cause and prejudice to excuse his procedural default.

> In *Wainwright v. Sykes*, 433 U.S. 72 (1977), this Court adopted the "cause and prejudice" requirement of *Francis v. Henderson*, [425 U.S. 536 (1976)], for all petitioners seeking federal habeas relief on constitutional claims defaulted in state court.  The *Sykes* Court did not elaborate upon this requirement, but rather left open "for resolution in future decisions the precise definition of the 'cause'-and-'prejudice' standard."  433 U.S. at 87, 53 L. Ed. 2d 594, 97 S. Ct. 2497.  Although more recent decisions likewise have not attempted to establish conclusively the contours of the standard, they offer some helpful guidance on the question of cause.  In *Reed v. Ross*, 468 U.S. 1, 82 L. Ed. 2d 1, 104 S. Ct. 2901 (1984), the Court explained that although a "tactical" or "intentional" decision to forgo a procedural opportunity normally cannot constitute cause, *id.,* at 13-14, 82 L. Ed. 2d 1, 104 S. Ct. 2901, "the failure of counsel to raise a constitutional issue reasonably unknown to him is one situation in which the [cause] requirement is met." *Id.* at 14, 82 L. Ed. 2d 1, 104 S. Ct. 2901.  The Court later elaborated upon *Ross* and stated that "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  We explained that "a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . would constitute cause under this standard." *Ibid.*

*Amadeo v. Zant*, 486 U.S. 214, 221-22 (1988).

The petitioner must also demonstrate that he was prejudiced; he must show "not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." (emphasis in original).  *United States v. Frady*, 456 U.S. 152, 170 (1982).  A federal habeas court, however, will consider a procedurally defaulted claim in the absence of cause, if a "fundamental miscarriage of justice" has "probably resulted in the conviction of one who is actually innocent." *Smith v. Murray*,

477 U.S. 527, 537-38 (1986) (*quoting, respectively, Engle*, 456 U.S. at 135, and *Murray,* 477 U.S. at 496).

Benion seeks to blame the procedural default of his claims on the alleged ineffectiveness of his attorney. Although ineffective assistance of counsel may constitute cause to excuse a procedural default, the claims of ineffective assistance of counsel must not have been defaulted in state court, *Hill v. Jones*, 81 F.3d 1015, 1030 (11th Cir. 1996), and the attorney error must rise to the level of a constitutional violation in order to provide the necessary cause. *McCleskey v. Zant*, 499 U.S. 467, 494 (1991).

Benion defaulted Claims 1 and 6 by failing to raise them in his Rule 32 petition, then trying to raise them on appeal from the denial of his Rule 32 petition. Because he was not represented by counsel, or constitutionally entitled to be represented by counsel during the Rule 32 proceedings, he may not use allegations of ineffective assistance of counsel to excuse the default of these claims. Moreover, Claims 2(d), 2(e), 2(f), and 2(g), all claims of ineffective assistance of counsel, are defaulted because Benion never presented the claims in state court. Therefore, they may not be used as cause to excuse his procedural defaults, and other allegations of ineffective assistance of counsel cannot be used to excuse the default of these claims.

The only claims Benion could attempt to blame his attorney for defaulting are his claims that the state failed to prove that the alleged sale occurred within three miles of a school or housing project (Claim 3) and that the trial court attacked his credibility in its jury instructions (Claim 8). However, the claimed ineffectiveness of counsel is not sufficient to establish cause. With regard to Claim 3, the Alabama Court of Criminal Appeals specifically found that Benion's attorney was not ineffective for failing to object at trial or argue on appeal that the state failed to prove that the sale

8

occurred within three miles of a school or housing project.[4]  Respondents' Exhibit H, pp. 7 - 9. Because there is no merit to this claim of ineffectiveness, it cannot be used as cause to excuse Benion's default of Claim 3.  Moreover, with regard to Claim 8, Benion procedurally defaulted the claim that his attorney was ineffective for failing to argue on appeal that the trial court improperly attacked his credibility.  Because the claim is defaulted, Benion cannot use it as cause to excuse the default of the underlying claim, Claim 8.

The petitioner has not established cause to excuse his procedural default of these claims. Likewise, he has not shown that he is "actually innocent" of the crime for which he was convicted. Thus, Benion is procedurally barred from raising these claims in this court, and the claims are due to be DISMISSED.

## CLAIMS 2(c), 4, 5, and 7

Several of Benion's claims have been considered by the state courts and found to be without merit.  Benion's claims that the state failed to prove a proper chain of custody for the crack cocaine (Claim 4) and that the trial court erred in allowing a police mug shot to be introduced into evidence (Claim 5), were raised by Benion on direct appeal and found to be without merit.  *See* Respondents'

---

[4] Because his petition was filed after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, his claims must be evaluated pursuant to that Act.  The Act provides that a petition for a writ of habeas corpus cannot be granted with respect to any claim that was adjudicated on the merits in state court, unless the state court's adjudication of the claim resulted in a decision that was contrary to or involved an unreasonable application of clearly established Federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court.  Benion has not shown that the state court's adjudication of this claim resulted in a decision that was contrary to clearly established Federal law or was based on an unreasonable determination of the facts in light of the evidence presented in state court.  Therefore, he cannot prevail on his claim that his attorney was ineffective for failing to argue that the state failed to prove that the sale occurred within three miles of a school or housing project, and as a result, he cannot use that claim to excuse his procedural default.  *See* section entitled "Claims 2(c), 4, 5, and 7," at pages 10 - 11 of this memorandum opinion, for a more detailed discussion of the amendment to § 2254(d) by the Antiterrorism and Effective Death Penalty Act of 1996.

Exhibit D.  Additionally, his claims that he received ineffective assistance of counsel at trial and on direct appeal because his attorney failed to object at trial or argue on appeal that the State failed to prove that the drug sale occurred within three miles of a school or housing project (Claim 2(c)) and that the trial court erred in amending the indictment without his consent (Claim 7) were raised on appeal from the denial of his Rule 32 petition and found to be without merit.  *See* Respondents' Exhibit H.

Because Benion filed this petition after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), amending § 2254, these claims must be evaluated according to the standards as amended by the Act.  *Lindh v. Murphy*, 117 S. Ct. 2059, 2063 (1997).  Amended § 2254(d) states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Thus, the petitioner can obtain relief on these claims only if he can establish that the Alabama Court of Criminal Appeals' adjudication of the claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)and (2).  *See Neelley v. Nagle*, 138 F.3d 917 (11th Cir. 1998), *cert. denied*, 119 S. Ct. 811 (1999);

*Schlager v. Washington*, 113 F.3d 763, 768 (7th Cir. 1997); *Hodges v. Hawes*, 955 F. Supp. 958, 964 (N.D. Ill. 1997).

The petitioner has not established that the Alabama Court of Criminal Appeals' adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, or that the decisions were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  The court concludes that the Alabama Court of Criminal Appeals' adjudication of these claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, and that the decision was not based on unreasonable determinations of the facts in light of the evidence presented in the state court proceedings.  Thus, the petitioner's claims 2(c), 4, 5, and 7 are due to be DISMISSED.

## CLAIMS 2(a) and 2(b)

The remainder of Benion's claims, that he received ineffective assistance of counsel at trial and on direct appeal because his attorney failed to argue on appeal that the trial court erred in failing to grant his pretrial motion to have the controlled substance tested (Claim 2(a)) and because counsel failed to challenge the validity of the indictment at trial or on appeal, on the grounds that the indictment 1) "was not a plain and concise statement, it alleged six alternatives without specif[y]ing which was intended," 2) was amended at least twice without his consent, 3) was not signed by the grand jury foreman and 4) was "just a mere citation of the statute" (Claim 2(b)) are without merit.

The United States Supreme Court has established a national standard for judging the effectiveness of criminal defense counsel under the Sixth Amendment. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Strickland v. Washington*, 466 U.S. 668 (1984). The Court elaborated:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687. "Because the [petitioner] must prove both deficiency and prejudice, a [petitioner's] failure to prove either will be fatal to his claim." *Johnson v. Scott,* 68 F.3d 106, 109 (5th Cir. 1995).

Under the *Strickland* test, the petitioner must initially show that counsel's representation fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "While it need not be errorless, counsel's advice 'must be within the realm of competence demanded of attorneys representing criminal defendants.'" *Jones v. White*, 992 F.2d 1548, 1557 (11th Cir. 1993)(*quoting Stano v. Dugger*, 921 F.2d 1125, 1151 (11th Cir.)(en banc), *cert. denied*, 502 U.S. 835 (1991)). In making such an evaluation, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. The effectiveness or ineffectiveness of counsel

must be evaluated by consideration of the totality of the circumstances. *Stanley v. Zant,* 697 F.2d 955, 962 (11th Cir. 1983), *cert. denied,* 467 U.S. 1219 (1984).

The second requisite element in a claim of ineffective assistance of counsel is a showing of prejudice. Even if counsel made an error so egregious as to be outside the broad scope of competence expected of attorneys, a movant can obtain relief only if the error caused actual prejudice. *Strickland,* 466 U.S. at 691-92. In order to establish "actual prejudice, a petitioner must show that "there is a reasonable probability that but for the attorney's unprofessional errors, the result of the proceeding would have been different." *Armstead v. Scott,* 37 F.3d 202, 207 (5th Cir. 1994). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. *Strickland,* 466 U.S. at 694. Furthermore, in addition to showing that the outcome would have been different, a petitioner must prove that "counsel's deficient performance caused the outcome to be unreliable or the proceeding to be fundamentally unfair." *Armstead v. Scott,* 37 F.3d 202, 207 (5th Cir. 1994)(*citing Lockhart v. Fretwell*, 113 S. Ct. 838, 844 (1993)). "In other words, a 'counsel's unprofessional errors [must] so upset the adversarial balance between the defense and prosecution that the trial was rendered unfair and the verdict suspect.'" *Weekley v. Jones*, 56 F.3d 889, 897 (8th Cir. 1995)(*quoting Fretwell*, 113 S. Ct. at 842). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Fretwell*, 113 S. Ct. at 844.

Benion first claims that his attorney was ineffective because he failed to argue on appeal that the trial court erred in failing to grant his pretrial motion to have the controlled substance tested (Claim 2(a)). However, he offers absolutely nothing in support of this claim, not even what he expected a test of the controlled substance might have revealed. This vague, general and conclusory

claim of ineffectiveness is insufficient to establish that Benion's attorney was deficient for failing to claim on appeal that the controlled substance should have been tested or that he suffered any prejudice as a result. This claim is due to be DISMISSED.

Benion next claims that his attorney was ineffective because he failed to challenge the validity of the indictment at trial or on appeal, on the grounds that the indictment 1) "was not a plain and concise statement, it alleged six alternatives without specif[y]ing which was intended," 2) was amended at least twice without his consent, 3) was not signed by the grand jury foreman and 4) was "just a mere citation of the statute (Claim 2(b)). On appeal from the denial of his Rule 32 petition, Benion claimed that his indictment was void for these very reasons. In affirming the denial of his petition, the Alabama Court of Criminal Appeals specifically found that each of these claims was without merit. Respondents' Exhibit H, pp. 4 - 6. Benion has not established that the Alabama Court of Criminal Appeals' adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, or that the decisions were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Therefore, this court will not revisit the merits of those claims. Because there is no merit to his defective indictment claims, his attorney was not deficient for failing to challenge the indictment at trial or on appeal. Furthermore, Benion has offered nothing to indicate that he was prejudiced as a result of his attorney's failure to challenge the indictment. Thus, this claim is due to be DISMISSED.

An appropriate order will be entered.

**DONE** this 20th  day of September, 2005.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE